UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER L. CLARK BEY,     )<br>                                                          )<br>            Plaintiff,                          )<br>                                                          )<br>v.                                                     )      No.   3:20-CV-367-DCLC-DCP<br>                                                          )<br>CITY OF KNOXVILLE, PRESTON   )<br>WILLOCK, CHARME P. ALLEN,    )<br>STEVEN W. SWORD, and TOM     )<br>SPANGLER,                                   )<br>                                                          )<br>            Defendants.                    ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a motion for leave to proceed *in forma pauperis* [Doc. 2], and a pro se complaint for violation of 42 U.S.C. §1983 [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.      FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Northeast Correctional Complex, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 160, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty

percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Analysis

Plaintiff was convicted of first-degree murder on June 5, 2019 [Doc. 2 p. 4] and appears to allege that the warrant and indictment underlying this charge and judgment and sentence resulting from this charge were illegal due to lack of jurisdiction and denial of due process [Doc. 1 p. 4–5]. As relief, Plaintiff seeks compensation, dismissal of the indictment, vacation of his sentence, and release of property taken from him pursuant to the judgment against him [*Id.*].

However, Plaintiff cannot seek exoneration or release from prison in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (noting that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983"). Similarly, Plaintiff cannot obtain relief in a § 1983 action based on the fact of his incarceration without first demonstrating that his conviction and/or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that if a judgment for the plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus); *Wilkinson v. Dotson*, 544 U.S. 81–82 (2005) (holding that, under *Heck*, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter

the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Therefore, any claim based on the fact of Plaintiff's current incarceration must be dismissed. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct.23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R**:

                                           s/Clifton L. Corker
                                           United States District Judge